IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROL WILLIAMS,

    Plaintiff,

v.

    No. CIV-03-0998 JP/RHS

NEW MEXICO STATE POLICE, a division of
the NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol Williams is suing her former employer, Defendant New Mexico State Police, under Title VII of the Civil Rights Act of 1964 for sex discrimination. This Memorandum Opinion and Order addresses Defendant's Motion for Summary Judgment filed on July 30, 2004 (Doc. 28). Having carefully reviewed the briefs, the case law, and the evidence in the record, the Court finds that Defendant's motion should be denied.

### I. Factual Background

The evidence of record that most favorably supports Plaintiff's opposition to the motion is as follows. Plaintiff Carol Williams began working for the New Mexcio State Police ("NMSP") in August 1984 and remained employed with NMSP for approximately 17 years. She served as a dispatcher in the Socorro office the last three years of her tenure with the NMSP, which is the relevant location and time frame for the facts that give rise to this lawsuit. Compl. ¶ 9. Michael Martinez supervised Plaintiff. Compl. ¶ 10. Plaintiff alleges that Martinez harassed her in the office by commenting on her nipples, her sexual experience, sexual promiscuity, and Plaintiff's willingness to have an affair with Martinez. Compl. ¶ 13. Coworkers heard Martinez make harassing comments to Plaintiff. Williams Depo. p. 71. Plaintiff claims that Martinez



remarked that he knew she lived alone and would get even if she crossed him. Compl. ¶ 17. Plaintiff complained to Captain Michael Hawkes. In response, Hawkes told Plaintiff that she did not have the power and should not complain against her superior. Compl. ¶ 19. Hawkes did not reprimand Martinez. Compl. ¶ 20. At one point during Plaintiff's employment with Defendant, human feces were spread around the restroom and the dispatch room where Plaintiff worked. Hawkes spoke with Plaintiff about the incident and accused her of causing the mess. Williams Depo. p. 102. Plaintiff resigned in April 2001. Her handwritten resignation note stated, "I can't take the harassment anymore." Pl. Ex. 1.

## II. Standard of Review for Summary Judgment

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. See Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). The court must "make a judgment as to whether the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plaintiff." See MacDonald v. Eastern Wyoming Mental Health Center,

941 F.2d 1115, 1121-22 (10th Cir. 1991), quoting Palucki v. Sears, Roebuck & Co., 879 F.2d 1568 (7th Cir. 1989). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. Bacchus, 939 F.2d at 891. To withstand a motion for summary judgment, the non-movant must make specific reference to admissible evidence in the record. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995). Unsubstantiated allegations, no matter how true they might be, cannot be considered. See id.

### III. Discussion

This case contains numerous disputed facts which are material when applied to Title VII law. A jury verdict could turn on these disputed facts in regards to both the hostile working environment and constructive discharge claims.

Areas of genuine disputes of material fact include the following. Defendant maintains that no other dispatch employees heard Martinez make sexual comments. Plaintiff points to her deposition, Williams Depo. p. 53, 71; and to coworker Smith's deposition, Smith Depo. p. 13, 17, 40 to show the dispute on this issue. In particular, coworker Carol Smith witnessed Martinez describing female genitalia to Plaintiff. Smith Depo. p. 40. According to Defendant, women coworkers did not hear Martinez make sexual statements. To dispute this, Plaintiff cites to the fact that coworker Vivian Gregory changed shifts to distance herself from Martinez's harassment. Williams Depo. p. 53. Overall, Defendant claims that Martinez did not harass anyone. This is the crux of Plaintiff's lawsuit, so Plaintiff obviously disagrees and cites again to her deposition, Williams Depo. p. 65, 73, 84, 156. One alleged harassing incident involved conversations that took place after human feces were spread around a restroom and the dispatch room. Defendant states that Hawkes discussed the feces incident with Carol Smith so that an

appropriate plan could be developed should there be future occurrences. Ms. Smith remembers the conversation differently and recalls being accused of spreading the feces. Smith Dep. p. 19. According to Defendant, Hawkes also did not accuse Plaintiff of making the fecal matter mess. Plaintiff remembers Hawkes accusing Plaintiff of making the excrement mess. Williams Depo. p. 102. Title VII of the Civil Rights Act of 1964 makes it unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, or sex." 42 U.S.C.A. § 2000e-2(a)(1). It is the province of the jury to decide these disputed facts and these facts are material because they go right to the heart of alleged discriminatory treatment based on sex by creating a hostile work environment.

Defendant asserts that Plaintiff did not make appropriate complaints to superiors. Plaintiff counters that she complained to Lieutenant Cory Gossett and Captain Michael Hawkes. Williams Depo. p. 75, 163. If Plaintiff had complained about the sexual harassment, Defendant claims that Hawkes would have investigated thoroughly and promptly. In contrast to this assertion, Plaintiff says that when she complained to Hawkes he told her she had no power, Hawkes and Martinez had the power, and Plaintiff would be sorry. Williams Depo. 103. These disputed facts are material under Title VII because whether or not Plaintiff unreasonably failed to take advantage of the employer's preventive or corrective measures is a key element of the Faragher-Ellerth defense. Faragher v. City of Boca Raton, 524 U.S. 775 (1998), Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

Defendant avers that Plaintiff resigned voluntarily and therefore cannot claim constructive discharge. Plaintiff refutes this by producing her resignation note attesting to

4

harassment as the reason for her departure. Pl. Ex. 1. This difference is material because a fact finder can determine constructive discharge occurred if a "reasonable person would have felt compelled to resign." Pennsylvania State Police v. Suders, 124 S. Ct. 2342, 2344 (2004).

These are the very types of factual disputes for which our system of justice provides a jury trial. Thus, summary judgment is inappropriate.

THEREFORE it is ORDERED that Defendant's Motion for Summary Judgment will be DENIED.

SENIOR UNITED STATES DISTRICT JUDGE